UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

v.

MARISLENE DELVA,

     Defendant.

Case No. 24-cr-20588

Honorable Robert J. White

---

**ORDER DENYING WIHOUT PREJUDICE
DEFENDANT'S MOTION FOR EARLY TERMINATION OF
PROBATION**

---

Before the Court is Defendant and probationer Marislene Delva's motion for early termination of probation under 18 U.S.C. § 3564(c). (ECF No. 40).  Following her guilty plea to one count of conspiracy to defraud the United States and to pay and receive health care kickbacks, the Court sentenced Defendant to three years' probation on March 19, 2025. (ECF No. 33).

Requests for early termination of probation are governed by 18 U.S.C. § 3564(c), which provides:

> The court, after considering the factors set forth in section 18 USCS § 3553(a) to the extent that they are applicable, may, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, terminate a term of probation previously ordered and discharge the defendant at any time in the case of a

misdemeanor or an infraction or at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.

"The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Hale*, 127 F.4th 638, 640 (6th Cir. 2025) (citation omitted).   Further, "[t]he conjunction 'and' used in the statute clearly indicates that a district court must conclude that the early termination of supervised release[1] is warranted both by the individual's conduct and also by the interest of justice." *Id.* (citation omitted).

The relevant § 3553(a) factors here are:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

---

[1] To the extent the Court relies on authority addressing early termination of supervised release, the governing statutes and legal standards are materially identical concerning early termination of both supervised release and probation. *Compare* 18 U.S.C. § 3583(e)(1) *with* 18 U.S.C. § 3564(c).

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; [and]

\*             \*             \*

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Defendant has served just over one year of probation, with almost two years remaining.  She first argues that her background, educational achievement, and strong family ties support early termination. (ECF No. 40, PageID.270-71). Defendant also argues that continued probation is unnecessary to deter criminal conduct because her arrest and guilty plea sufficiently satisfy this function. (ECF No. 40, PageID.271-72).  Concerning factor (2)(A), Defendant asserts that she already completed community service and paid all restitution as required by her probation conditions, and that "[t]he need for further supervision is lessened by [her] having completed the[se] primary penalties of her probation period." (ECF No. 40, PageID.272-73).  She also argues that continued probation is unnecessary to protect the public given her older age, strong family ties, and lack of any other criminal history. (ECF No. 40, PageID.273-74).  Lastly, under factor (2)(D), Defendant argues that "she does not require further correctional treatment" given her completion of community service and payment of restitution. (ECF No. 40, PageID.274).  The government opposes Defendant's motion. (ECF No. 43).

3

Having considered the relevant factors, the Court concludes that early termination of Defendant's probation is unwarranted at this time.  First, although Defendant should be commended for maintaining strong family ties and achieving an advanced medical education, neither of these circumstances prevented her from committing the serious crime for which she was sentenced.  Indeed, the circumstances of Defendant's background, education, and family—as well as her age—are all essentially unchanged from when the Court imposed her sentence.

Next, to extent Defendant relies on having already completed all the community service imposed as a condition of probation, her sentence required that this be done within 12 months. (*See* ECF No. 33, PageID.201).  Similarly, Defendant's sentence required her to pay restitution of $67,601.84. (*See* ECF No. 33, PageID.202-03).  The Court acknowledges that Defendant's payment of this obligation obviates the necessity for continued probation to ensure payment of restitution, and any early payment of restitution certainly favors her requested relief.[2] The Court, however, concludes that this alone does not warrant early termination.

The Court relatedly disagrees with Defendant's characterization of having already completed all the primary aspects of her sentence.  Even though she paid restitution and completed community service, the length of probation imposed

---

[2] It is somewhat unclear from both Defendant's motion and the factual record whether she paid her restitution early or else merely complied with the payment schedule probation imposed.

remains an important aspect of the sentence, particularly given the seriousness of Defendant's offense. And the Court agrees with the government's argument that terminating probation before Defendant has served even half her allotted sentence would be detrimental to the interests of both specific and general deterrence.

Accordingly, where Defendant largely relies on her compliance with the standard conditions of probation and other circumstances the Court already considered to impose a just sentence, the Court concludes that early termination is unwarranted. *See Hale*, 127 F.4th at 641 ("[W]e might expect that district courts will 'generally' find early termination proper only when exceptionally good conduct or other changed circumstances are present. After all, compliance with all conditions 'is expected of an individual on supervised release,' and non-compliance is a ground for revocation.") (citations omitted); *id.* at 642 ("§ 3583(e)(1) does not require a finding of exceptionally good behavior before a district court may grant a motion for early termination of supervised release, though such behavior remains a relevant consideration").

Further, although Defendant is not presently a candidate for early termination, her motion is denied without prejudice, and she may renew the same after serving a longer period of her probationary sentence. *See United States v. Kennedy*, No. 15-20652-9, 2025 U.S. Dist. LEXIS 26524, at *3 (E.D. Mich. Feb. 13, 2025) ("While [the defendant's] actions are positive indicators of his continued success, at this stage

5

of his sentence there is not a sufficient basis for ending his supervision early. . . . The Court finds that [the defendant] is not presently a candidate for early termination of supervised release.  The denial of his motion is without prejudice, meaning that [the defendant] may renew his motion after he has completed a more significant term of supervision."); *United States v. Iqbal*, No. 15-20645, 2022 U.S. Dist. LEXIS 152187, at *6 (E.D. Mich. Aug. 24, 2022) (commending the defendant's post-incarceration conduct but denying motion for early termination without prejudice given the nature of the offense and other factors).

For the reasons given, IT IS HEREBY ORDERED that Defendant's motion (ECF No. 40) is DENIED WITHOUT PREJUDICE.

Dated: May 19, 2026                          s/Robert J. White_____
                                             Robert J. White
                                             United States District Judge

6